1      **UNITED STATES DISTRICT COURT**

2      **DISTRICT OF NEVADA**

3

4    John Kephart et al,                                    2:15-cv-00859-JAD-NJK

5          Plaintiff                                  **Order Remanding Case Back to**
                                                      **Nevada State Court [ECF 14]**
6    v.

7    Rotech Healthcare Inc. et al,

8          Defendants

9

10         John and Thelma Kephart sue medical-supply manufacturers and distributors Rotech

11   Healthcare, Inc. and Principal Medical Equipment Inc. d/b/a/ VitalCare and a Doe VitalCare

12   employee for injuries that John Kephart allegedly sustained after a 200 lb oxygen tank supplied by

13   defendants fell on him.  Defendants removed the case from state court based on diversity of

14   citizenship.[1]  The Kepharts move to remand,[2] arguing that complete diversity of citizenship is

15   lacking.[3]  Because the defendants have not shown that the amount in controversy exceeds $75,000, I

16   grant the Kepharts' motion and remand this case back to Nevada's Eighth Judicial District Court

17   Case A-15-716381-C.[4]

18                                    **Background**

19         The Kepharts allege that defendant Rotech is incorporated in Delaware and has its principal

20   place of business in Las Vegas, Nevada.[5]  The Kepharts also allege that Principal Medical

21   Equipment/VitalCare is a Florida corporation with its principal place of business in Las Vegas,

22

23   [1] ECF 1.

24   [2] Plaintiffs' motion is styled as an "objection to removal," but it is more properly construed as a
25   motion to remand.

26   [3] ECF 14.

27   [4] I find this motion suitable for disposition without oral argument.  Nev. LR 78-2.

28   [5] ECF 5 at ¶ 4.

Nevada.[6]  The Kepharts allege that Doe defendant,[7] a VitalCare employee, delivered an oxygen tank to the Kephart home in April 2013.  Due to manufacturing or design defects and the employee's poor placement of the tank and failure to properly secure it upon delivery, the tank fell on John.[8]  The tank allegedly broke open and the liquid oxygen caused chemical burns to multiple parts of John's body; Thelma allegedly sustained chemical burns on her feet when she came to John's aid.[9]  The Kepharts sue defendants for negligence, strict products liability, failure to warn, negligent infliction of emotional distress, and loss of consortium.  They pray for the following damages in their amended complaint:

- General damages in excess of $10,000;
- Special damages in excess of $10,000;
- Compensatory and consequential damages in excess of $10,000;
- Punitive damages against Rotech and Vital;
- "Costs of medical care and treatment, surgical intervention, and other expenses";
- "Costs of future medical treatment, surgery, physical therapy, rehabilitation" in excess of $10,000;
- Reasonable attorney's fees and costs.

In their petition for removal, defendants invoke this court's diversity jurisdiction.  They argue that the amount in controversy exceeds $75,000 because "[p]laintiffs allege that they sustained general special, compensatory, consequential and punitive damages including costs for medical care and treatment and surgical intervention and will incur damages for future medical treatment, surgery, physical therapy, and rehabilitation."[10]  Defendants also argue that complete diversity of citizenship is satisfied because: (1) Rotech is incorporated in Delaware and its principal place of business is in Florida and (2) Principal Medical Equipment is incorporated in and has its principal place of

---

[6] *Id.* at ¶ 5.

[7] *Id.* at ¶ 12.

[8] *Id.* at ¶10.

[9] *Id.* at ¶ 16.

[10] ECF 1 at 2.

business in Florida.[11]  The Kepharts move to remand, arguing that both companies' principal places of business are in Nevada, and even if the defendant corporations are not diverse, remand is proper because they anticipate that discovery will reveal the identity of the Doe defendant employee, who is likely domiciled in Nevada.[12]

## Discussion

**A.      Motion to Remand**

When a case is filed in state court between parties who are citizens of different states, and the case value exceeds $75,000, the defendant may remove the case to federal court.[13]  "Federal courts are courts of limited jurisdiction."[14]  Accordingly, there is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[15]  The defendant always has the burden of establishing that removal is proper.[16] This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[17] If the value of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[18]  Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy.[19]  "[Section] 1447(c) authorizes *sua sponte* remand (and, indeed, *requires* remand)

---

[11] ECF 17 at 6.

[12] ECF 14 at 3.

[13] 28 U.S.C. §§ 1332, 1441, 1446.

[14] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[15] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[16] *Id.*

[17] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[18] *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[19] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

when a court finds that it does not have subject-matter jurisdiction."[20]

**B.     Defendants have established complete diversity of the parties.**

In their motion to remand, the Kepharts re-allege that both Rotech and Principal Medical Equipment are citizens of Nevada because each maintains a principal place of business in Las Vegas.[21]  The Kepharts also argue that remand is proper because discovery will reveal the identity of the Doe VitalCare employee, who is likely domiciled in Nevada.[22]

Defendants attach to their opposition the affidavit of Kimbark Lee, the Chief Legal Officer and Secretary of Rotech and Secretary of Principal Medical Equipment.[23]  She indicates that Principal Medical Equipment is a wholly owned subsidiary of Rotech.[24]  Lee states that Rotech is a Delaware corporation with its principal place of business in Florida,[25] and that Principal Medical Equipment is a Florida corporation with its principal place of business also located in Florida.[26] Defendants attach supporting documents that show that both Rotech and Principal Medical Equipment were certified to conduct business in Las Vegas, Nevada, under the fictitious firm name VitalCare during the relevant time.[27]

I am satisfied (based on the affidavit and supporting documents provided by the defendants) that Rotech and its wholly-owned subsidiary, Principal Medical Equipment, are both foreign corporations who maintain their principal places of business in Florida, not Nevada.  That these corporations conduct business in Nevada under the fictitious firm name VitalCare does not make

---

[20] *Allen v. United Parcel Servs., Inc.*, 2009 WL 982048 (C.D. Cal. 2009).

[21] ECF 14 at 2.

[22] *Id.* at 3.

[23] ECF 17-1.

[24] *Id.* at ¶ 2.

[25] *Id.* at ¶ 3–4.

[26] *Id.* at ¶ 5.

[27] ECF 17-2, 17-3, 17-5.  Lee's affidavit authenticates these documents.

them citizens of the state of Nevada for diversity purposes.  I also reject the Kepharts' argument that the Doe defendant destroys diversity.  The removal statute directs that, for purposes of determining diversity, "the citizenship of defendants sued under fictitious names shall be disregarded."[28]  Thus, "the presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed before removal is attempted."[29]  Having determined that the diversity requirement is satisfied,  I next consider whether defendants have established that the amount-in-controversy requirement is met.

**C.     Remand is required because defendants have not shown that the amount in controversy exceeds $75,000.**

The face of the amended complaint does not show that the Kepharts claim damages in excess of $75,000.  They claim in excess of $30,000 for general, special, and compensatory damages, in excess of $10,000 for medical expenses, and an unspecified amount for future medical expenses and punitive damages.  Because the Kepharts do not explicitly claim damages in excess of $75,000, the defendants must prove by a preponderance of the evidence that the jurisdictional amount has been met.[30]

Defendants conclusorily argue that the amount-in-controversy requirement has been met because "[p]laintiffs allege that they sustained general special, compensatory, consequential and punitive damages including costs for medical care and treatment and surgical intervention and will incur damages for future medical treatment, surgery, physical therapy, and rehabilitation."[31]  But conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the amount in controversy by a preponderance of the evidence.[32]

---

[28] 28 USC § 1441(b)(1).

[29] *Cowan v. Central Reserve Life of North America Ins. Co.*, F.Supp. 64, 65 (D. Nev. 1989).

[30] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted); *see also Sanchez*, 102 F.3d at 404.

[31] ECF 1 at 2.

[32] *Valdez*, 372 F.3d at 1117 (internal citations omitted).

Because the defendants bear, but have not met, the burden of showing that *both* requirements of diversity jurisdiction are met, I grant the Kepharts' motion to remand.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiffs' Objection to Removal **[ECF 14]**, which I construe as a Motion to Remand, is **GRANTED.**  This case is hereby remanded to the Eighth Judicial District Court, Clark County Nevada, Case number A-15-716381-C.

Dated:  December 7, 2015.

_____
Jennifer A. Dorsey
United States District Judge