# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN KEPHART, an individual; THELMA LOUISE KEPHART, an individual,<br><br>    Plaintiffs<br><br>v.<br><br>ROTECH HEALTHCARE, INC., a foreign corporation; VITAL CARE, INC., a foreign corporation,<br><br>    Defendants | Case No.:2:15-cv-00859-JAD-NJK<br><br>**Order Denying Motion to Reconsider Remand Order**<br><br>[ECF 32] |

On December 7, 2015, I found that the defendants had failed to meet their burden of establishing that this court has jurisdiction over the subject matter of this case, and I remanded this case back to the Eighth Judicial District Court, Clark County, Nevada.[1]  Defendants now ask me to reconsider that remand order, arguing that I have authority to do so under either FRCP 59(e) or 60(b).[2]  Defendants are mistaken.  Remand orders based on a lack of subject-matter jurisdiction are not reviewable on appeal or otherwise.  Defendants' motion for reconsideration is thus procedurally improper and is denied.

## Discussion

Section 1447(c) of title 28 of the United States Code contemplates remand based on a lack of subject-matter jurisdiction or a defect in the removal procedure.[3]  When a federal court relies on a ground enumerated in 28 U.S.C. § 1447(c) to remand an action back to the state court whence it was removed, 28 U.S.C. § 1447(d) plainly provides that the remand order is "not reviewable on appeal or

---

[1] ECF 31.

[2] ECF 32.

[3] *See Augon-Schulte v. Guam Election Commn.*, 469 F.3d 1236, 1240 (9th Cir. 2006).

1

otherwise."[4]  The state court can, in fact, proceed with the case once the remand order is entered and a certified copy of that order is mailed to the state court by the clerk of this court.[5]

I remanded this case back to state court because I found that subject-matter jurisdiction was lacking—defendants had not met their burden to establish that the amount in controversy exceeds $75,000.[6]  Jurisdiction over this action revested in the state court when, on December 7, 2015, the remand order was entered on the docket in this case and the clerk of this court mailed a copy of that order to the state court.  I simply do not have the authority to reconsider that remand order.[7]  Defendants' motion for reconsideration is thus procedurally defective and must be denied.

In remanding this case, I essentially concluded that this case was not removable at the time that defendants filed their petition for removal.  When a case is not immediately removable but the defendant later receives a document that puts it on notice "that the case is one which is or has become removable," the proper procedure is to file "a notice of removal . . . within 30 days after receipt" of the document establishing that the case is or has become removable.[8]  If defendants believe they received a document establishing that the state-court case is or has become removable, they must follow the procedure outlined in 28 U.S.C. § 1446(b)(3) and be mindful that *this* case has been closed.

---

[4] *Atlantic Nat. Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 934 (9th Cir. 2010) (quoting 28 U.S.C. § 1447(d)).

[5] 28 U.S.C. § 1447(c).

[6] ECF 31 at 5–6.

[7] *See* 28 U.S.C. § 1447(d).

[8] *See* 28 U.S.C. § 1446(b)(3).

2

**Conclusion**

ACCORDINGLY, IT IS HEREBY ORDERED that defendants' motion to reconsider the order remanding case to state court **[ECF 32] is DENIED.**

DATED this 21st day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge